DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA



Regina Boston,          Case No: 3:12cv451

  PLAINTIFF

V.

OCWEN LOAN SERVICING LLC.    AMENDED COMPLAINT OF
                  Regina Boston
  DEFENDANT          AFFIDAVIT

---

Now comes the Affiant, Regina Boston, a sovereign individual of the United States and the State of North Carolina over the age of 21 years, and declares as follows, under penalty of perjury:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the Truth in Lending Act (TILA)15 U.S.C. §1641 et seq.; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for declaratory and injunctive relief.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692 and 28 USC §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

## FACTUAL ALLEGATIONS

4. Ocwen Loan Servicing LLC, (hereinafter 'Ocwen') engaged in collection activity with Affiant on or about September 12, 2011.

5. As stated in their unsigned communication Dated April 17, 2012, Ocwen threatened the sale of Affiant's property that was to take place on May 27, 2012. That day fell on a Sunday which is not permitted by North Carolina statute for foreclosure sales.

6. Pursuant to The Helping Families Save Their Homes Act of 2009 and 15 U.S.C. §1641(g), homeowner is supposed to be noticed within 30 days of any change in servicer. I was not made aware of such transfer until I received a scant response to a second qualified written request I sent to Ocwen. A copy of an alleged assignment was included.

7. Affiant sent to Ocwen two debt validation requests. Ocwen did not respond timely or sufficiently to either request in a way that has shown evidence of any valid debt owed to them by me.

8. Affiant sent Ocwen two (2) qualified written requests. Ocwen did not respond timely or sufficiently to either request.

9. On or about May 20, 2012, Affiant sent to Ocwen, a Notice of Error.

10. Ocwen was required to respond within 30 days by correcting accounting errors pursuant to 12 CFR 226.13. Defendant has not responded.

WHEREFORE, Affiant demands judgment against Ocwen for a proper accounting and application of her mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to12 CFR §226.13.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT OCWEN

11. Regina Boston, an aggrieved affiant, petitions this Court under authority of 15 USC 1601 et seq. hereinafter "the act."

12. FIRST CAUSE OF ACTION: In an unsigned communication Affiant received on or about April 19, 2012, Ocwen violated 15 USC 1692(e)(6) by threatening to take any action that could not have legally been taken or that was not intended to be taken.

13. SECOND CAUSE OF ACTION: Ocwen violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

14. THIRD CAUSE OF ACTION: Ocwen violated 15 U.S.C. §1692e(6)(a) by sale or transfer of any interest in the debt that will cause the consumer to lose any claim or defense to payment of the debt.

15. FOURTH CAUSE OF ACTION: Defendant Ocwen violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. FIFTH CAUSE OF ACTION: Defendant Ocwen violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

17. SIXTH CAUSE OF ACTION: Defendant Ocwen violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

18. SEVENTH CAUSE OF ACTION: Defendant Ocwen violated 15 U.S.C. §1692g by, within five days after the initial communication with Affiant in connection with the collection of any

debt, failing to send Affiant a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. Ocwen LLC is a debt collector. See 15 USC 1692a(6). See also *George w. Heintz, et al, v Darlene Jenkins,* 514 U.S. 291, 115 S.Ct. 1489 (1995).

WHEREFORE, Affiant demands judgment for damages against Ocwen for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF REAL ESTATE SETTLEMENT
## PROCEDURES ACT (RESPA), 12 U.S.C. §2605
## BY DEFENDANT OCWEN

20. Paragraphs 1 through 19 are re-alleged as though fully set forth herein.

21. Defendant Ocwen is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

22. Affiant's written requests for information about her account and correction of Defendants' numerous errors were ''qualified written requests'' within the meaning of RESPA.

23. Ocwen deliberately failed to properly and timely respond to two (2) requests by Affiant's qualified written requests for information about, and corrections to her mortgage account, in violation of 12 U.S.C. §2605(e).

24. FIRST CAUSE OF ACTION: On the first qualified written request by Affiant, sent to Ocwen on January 27, 2012, Ocwen failed to acknowledge upon receipt of within 5 days, in violation of 12 U.S.C. §2605(e) and Dodd-Frank Act of 2010.

25. SECOND CAUSE OF ACTION: On the second qualified written request by Affiant, sent to Ocwen on April 3, 2012, Ocwen failed to acknowledge upon receipt of 5 within days, in violation of 12 U.S.C. §2605(e) and Dodd-Frank Act of 2010.

WHEREFORE, Affiant demands judgment against Ocwen for a proper accounting and application of her mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

# COUNT III
# VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641
# BY DEFENDANT OCWEN

26. Paragraphs 1 through 27 are re-alleged as though fully set forth herein.

27. FIRST CAUSE OF ACTION: Ocwen failed to notice Affiant of a transfer/sale or change of servicer.

A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):
(1) In general
In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

28. SECOND CAUSE OF ACTION: Ocwen failed to respond or correct a Notice of Error sent to them on May 20, 2012, pursuant to 12 CFR 226.13, Truth in Lending.

> The Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

> "12 CFR 226.13(d)(3)" Acceleration of debt and restriction of account prohibited. A creditor shall not accelerate any part of the consumer's indebtedness or restrict or close a consumer's account solely because the consumer has exercised in good faith rights provided by this section. A creditor may be subject to the forfeiture penalty under 15 U.S.C. 1666(e) for failure to comply with any of the requirements of this section."

WHEREFORE, Affiant demands judgment for damages against Ocwen, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1640(a).

## JURY TRIAL DEMANDED

Affiant hereby demands a trial by jury of all triable issues as a matter of law.

Dated: August 10, 2012

Respectfully submitted,

*Regina Boston*
Regina Boston

## VERIFICATION 28 USC § 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed on the _____13th_____ day of August, 2012

*Regina Boston*
Regina Boston, Sui Juris
1220 Ballina Way
Charlotte, North Carolina 28214


United States Western District Court,

Sworn to and subscribed before me on this __13th__ day of __August__, 2012, by Regina Boston, whose name is signed on this instrument, and has acknowledged before me that she executed the same as her freewill act and deed.

_Lucille E. Batts_ (seal)
Notary Public

My Commission Expires: December 19, 2012

```
LUCILLE E. BATTS
NOTARY PUBLIC
Mecklenburg County, North Carolina
My Commission Expires  12-19-2012
```