UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NORTH CAROLINA
3:12-CV-451-GCM

Regina Boston;
    Plaintiff

-v-

OCWEN LOAN SERVICING, LLC.
ET AL.
    Defendants

FILED
CHARLOTTE, NC
SEP 1 8 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

**PLAINTIFF'S AFFIDAVIT FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

COMES NOW the Plaintiff and requests that the Court grant leave, thereby permitting Plaintiff to file a Second Amended Complaint in order to add two additional Defendants.

1. Plaintiffs filed her Affidavit in this Court on July 23, 2012. Defendant's original answer was due on August 14, 2012.

2. Defendants filed a Motion for an Extension of time on August 14. The Court granted to Defendants until September 5 to file an answer.

3. On August 13, 2012, Plaintiff filed an Amended Complaint adding more causes of action. Defendants had not answered the original Affidavit.

4. Plaintiff filed a Second Amended Affidavit on August 21 without leave of court or consent from the Defendant. Plaintiff added two other Plaintiffs; one of which being the Counsel for Defendants' law firm.

5. On August 31, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Affidavit.

6. On September 13, the court dismissed the Plaintiff's Second Amended Affidavit.

Dated: September 18, 2012

Respectfully submitted,

*Regina Boston*
Regina Boston
1220 Ballina Way
Charlotte, NC 28214

## MEMORANDUM IN SUPPORT TO GRANT PLAINTIFF'S MOTION TO AMEND SECOND COMPLAINT

"Under Rule 15(a)....leave to amend a complaint 'shall be freely given when justice so requires.'" *Franks v. Ross*, 313 F. 3d 184, a92 (4th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). The Supreme Court has declared that '"this mandate is to be heeded."

*Foman v. Davis,* 371 U.S. 178, 182 (1956). "The law is well settled 'that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party or the amendment would be futile.'" *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original)).

Here, justice requires that Plaintiff be given the opportunity to amend her complaint.

*Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999). The Eleventh Circuit noted the following with respect to Rule 15(a): The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires." *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597 (5th Cir. 1991).

This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1994).

"District Courts have only limited discretion to deny a party leave to amend the pleading. Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial

contravailing reasons." *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1110 (11th Cir. 1996) (*citing Espey*, 734 F.2d at 748 and *Dussouy*, 660 F.2d at 594). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id*.

In the case *sub judice*, there are no reasons to deny Plaintiff's Motion for Leave to Amend the Complaint. This case was filed on July 23, 2012. There has been no undue delay in amending the Complaint. The Defendant has not filed an Answer.

WHERFORE, for the aforementioned reasons, the Court should grant Affiant leave to file the proposed Second Amended Complaint.

Dated: September 18, 2012

Respectfully submitted,

Regina Boston
1220 Ballina Way
Charlotte, NC 28214

## Notary Public

On the date set out below, the foregoing MEMORANDUM IN SUPPORT TO GRANT PLAINTIFF'S MOTION TO AMEND SECOND COMPLAINT was sworn and signed in my presence by Regina Boston, known to me.

My commission expires: 12/19/2012

Regina Boston

_____ SEAL:    September 18, 2012
Notary Public                Date

LUCILLE E. BATTS
NOTARY PUBLIC
Mecklenburg County, North Carolina
My Commission Expires

## Certificate of Service

I, Regina Boston do hereby certify that I have served the parties with a copy of **PLAINTIFF'S AFFIDAVIT FOR LEAVE TO FILE SECOND AMENDED COMPLAINT and MEMORANDUM IN SUPPORT TO GRANT PLAINTIFF'S MOTION TO AMEND SECOND COMPLAINT** by USPS Mail on the 18th of September 2012, at the following address:

Hunoval Law Firm PLLC.
Attn: Christina Hunoval
501 Minuet Lane, Ste. 104A
Charlotte, North Carolina 28217

*Regina Boston*
Regina Boston, Lawful Woman,
1220 Ballina Way
Charlotte, North Carolina [28214]