UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NORTH CAROLINA
3:12-CV-451-GCM

Regina Boston,

       Plaintiff

-v-

OCWEN LOAN SERVICING, LLC.,

       Defendant

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

COME NOW, Regina Boston and file this Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend as set forth as follows:

1. Presently before the Court is Plaintiff's Motion for Extension of Time to file a response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff seeks to add two (2) new Defendants in order that she may assert claims against them.
    1. With the Court's permission, Plaintiff will cure any deficiencies wrought in prior pleadings.
    2. By Plaintiff given leave to amend her complaint, it will be shown as not being futile or a waste of the Court's or Defendant's time and resources.
    3. Plaintiff has not prejudiced the Defendants or their amount of defense in any way.
    4. Plaintiff's unintentional error does not harm the substance of the case but only the procedure.

WHEREFORE, Plaintiff respectfully requests the Court to deny the Defendant's Opposition to Plaintiff's Motion to Amend her Second Amended Complaint.

Dated: October 22, 2012

Respectfully submitted,


Regina Boston
1220 Ballina Way
Charlotte, NC 28214

# MEMORANDUM OF LAW IN OPOSITION TO DEFENDANT'S MOTION FOR LEAVE

A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." ***Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (Per Curiam)***.

Pursuant to Federal Rule of Civil Procedure 15(b)(2), A party may move — at any time, even after judgment — to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

## I. INTRODUCTION & SUMMARY

Defendants Hunoval Law Firm and HSBC Bank USA, National Association (collectively, "Defendants") oppose Plaintiff's Motion for Leave to Amend Original Complaint adding Hunoval Law Firm, PLLC ('Hunoval') and HSBC Bank USA, National Association, ('HSBC'). Plaintiff's motion should be granted. First, Defendants will not be significantly prejudiced if their motion is denied. Second, Plaintiff will be prejudiced because Plaintiff will not be given the opportunity to prove to the court that Plaintiff can correct any deficiencies, and doing so would be in the interest of justice. Third, the Defendants will not be prejudiced by the Court granting Plaintiff the motion for leave to amend. Finally, applying the doctrine of fraudulent misjoinder, Plaintiff's claims against the Defendants arise out of the same "transaction or occurrence" within the meaning of Fed. R. Civ. P. 20. For these reasons, set forth more fully below, the Court should grant Plaintiffs' Motion to Amend adding the Defendants HSBC and Hunoval.

the meaning of Fed. R. Civ. P. 20. For these reasons, set forth more fully below, the Court should grant Plaintiffs' Motion to Amend adding the Defendants HSBC and Hunoval.

## II. ARGUMENT & AUTHORITIES

### A. Amendments to pleadings should be freely allowed.

"Motions to amend under Rule 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action." Wausau Underwriters Ins. Co. v. Schifler, 190 F.R.D. 341, 343. (E.D. Pa. 1999) (citing CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1474 (1990)); see also Goodman v. Mead Johnson & Co., 534 F.2d 566, 569 (3d Cir. 1976) (district court improperly denied amendment to add claims and substitute parties), cert. denied, 429 U.S. 1038(1977); Martin Herend Imports, Inc. v. Diamond and Gem Trading, 195 F.3d 765, 777 (5th Cir. 1999) (absent substantial reason, discretion of trial court not broad enough to support denial of motion to amend).

The decision on a motion to amend is within the sound discretion of the district court. Nonetheless, "the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the moving party should be allowed to test his claim on the

merits. Id. Courts have interpreted Rule 15(a) "liberally, in line with the Federal Rules overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers, 517 F.2d 214, 220 (5th Cir. 1975); see also Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981)* (leave to amend should be freely given since "the purpose of pleadings is to facilitate a proper disposition on the merits"); *Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir.*) (The policy of Rule 15 "circumscribes the exercise of the district court's discretion; unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial").

The Court of Appeals for the Fifth Circuit identified four criteria to consider in balancing competing interests (the Hensgens factors): one of which is if (1) whether the plaintiff has been dilatory in asking for the amendment; and (2) whether Defendants will be significantly injured if the amendment is allowed. Plaintiff do not specifically allege that the Defendants were added for the sole purpose of Plaintiff being dilatory in seeking leave to amend. Rather, the Defendants claim that Plaintiff's amendment would be futile if allowed.

An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). However, "given the liberal standard for the amendment of pleadings 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile."

*Synthes, Inc. v. Marotta*, No. 11-1566, 2012 WL 748758 (E.D. Pa. Mar. 6, 2012) (quoting

*Aruanno v. New Jersey*, No. 06–296, 2009 WL 114556, at *2 (D. N.J. Jan. 15, 2009)). "If a proposed amendment is not *clearly futile*, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice & Procedure § 1487 (2d ed.1990) (emphasis added).

    WHEREFORE, Plaintiff respectfully requests the Court to deny the Defendant's Opposition to Plaintiff's Motion to Amend her Second Amended Complaint.

Dated: October 22, 2012

Respectfully submitted,


Regina Boston
1220 Ballina Way
Charlotte, NC 28214

## Certificate of Service

The Plaintiff Regina Boston, does hereby certify that I have served the Defendant with a copy of the PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT and MEMORANDUM OF LAW IN OPOSITION TO DEFENDANT'S MOTION FOR LEAVE . Copies were served by USPS Mail on the 22nd of October, 2012 to the following addressee and address:

Christine Hunoval
c/o Hunoval Law Firm, PLLC.
501 Minuet Lane, Ste. 104A
Charlotte, NC 28217

*Regina Boston*
Regina Boston, Lawful Woman,
1220 Ballina Way
Charlotte, North Carolina [28214]