IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV451

| | | |
|---|---|---|
| REGINA BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OCWEN LOAN SERVICING, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's Motion to Amend (D.E. # 16); Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (D.E. # 17); and Plaintiff's motions to strike (D.E. #s 21 & 26). *Pro se* Plaintiff Regina Boston filed her original Complaint on July 23, 2012, seeking damages against the Defendant, a mortgage servicing company, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA"). Since that time, this case has devolved into a procedural mess. On August 13, 2012, prior to Defendant filing a responsive pleading, Plaintiff filed an Amended Complaint. On August 21, 2012, without seeking leave of Court, Plaintiff filed yet another amended complaint, in which she added two additional Defendants, HSBC Bank USA ("HSBC") and Hunoval Law Firm, PLLC ("Hunoval"). The Court entered an Order striking the Second Amended Complaint for failure to comply with Rule 15(a)(2). Plaintiff thereafter filed a Motion to Amend her Amended Complaint (D.E. #16), presumably to file the previously stricken Second Amended Complaint. Defendant thereafter filed a Motion to Dismiss the first Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant has also opposed the motion to

1

amend on the grounds of futility. Plaintiff has filed a Reply to Defendant's opposition brief, and has filed a Motion to Strike the Exhibits in Defendant's Opposition Brief as irrelevant pursuant to Rule 12(f). Plaintiff has responded to Defendant's Motion to Dismiss and has likewise moved to strike the exhibits as irrelevant. Without waiting for the Court to rule on her Motion to Amend, Plaintiff decided to file yet another Motion to Amend (D.E. # 23), which appears to be an exact duplicate of her previously filed motion.

The Court will first address Plaintiff's Motion to Amend filed on September 18, 2012 (D.E. # 16), in which she seeks to add two new defendants. Defendant urges the court to deny the motion to amend on the grounds of futility. Under Fed. R. Civ. P. 15(a)(2), after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* Nevertheless, a motion to amend a complaint may be denied based on "a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." *Sandcrest Outpatient Servs., P.A. v. Cumb. Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988). In determining futility, the court should apply the same standard applied under Fed. R. Civ. P. 12(b)(6). *See New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161, 1164 (4th Cir. 1994); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

In order to survive a motion to dismiss for failure to state a claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

(2009). While courts must liberally construe *pro se* complaints, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice." *Id.*

Plaintiff seeks to add HSBC to her RESPA claim. Plaintiff includes only four allegations involving HSBC in her proposed amended pleading:

1. "Defendant HSBC BANK USA National Association ("HSBC") is a New York Corporation, authorized to do business in North Carolina." (2d Am. Compl., D.E. # 9, ¶ 7).

2. "HSBC is the purported holder of a note made payable to them by an unknown trust entity." (*Id.* ¶ 20).

3. "FOURTH CAUSE OF ACTION: HSBC failed to acknowledge upon receipt of within 5 days, in violation of 12 U.S.C. §2605(e) and Dodd-Frank Act of 2010." (*Id.* ¶ 46).

4. "FIFTH CAUSE OF ACTION: HSBC has deliberately failed to respond in a proper and timely way to Plaintiff's 'qualified written request' for information about, and corrections to, her mortgage account, in violation of 12 U.S.C. 2605(e), sent to them by the Affiant on July 12, 2012."( *Id.* ¶ 47).

Plaintiff appears to be asserting that HSBC failed to respond to her "qualified written request" as required by 12 U.S.C. § 2605(e). That statute provides, in part, the following:

> If any *servicer* of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, *the servicer* shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A) (2006) (emphasis added).

Accordingly, to state a plausible claim for a violation of 12 U.S.C. § 2605(e), a plaintiff must allege facts showing that he or she sent a "qualified written request" ("QWR") to a servicer of a loan, and the servicer failed to respond in the manner and in the time provided for by the statute. Plaintiff does not include factual allegations to support any of the elements of a claim for a violation of the RESPA. Plaintiff does not attach any documents to evidence her purported QWR, nor does she provide the Court with any specific information about her alleged requests that would satisfy the statutory definition of a QWR. *See id*, § 2605(e)(1)(B) (defining a "qualified written request"). Furthermore, Plaintiff does not allege that HSBC is a "servicer" in order to establish liability under the provision of RESPA cited in the Second Amended Pleading. Rather, Plaintiff alleges that "Ocwen is a servicer" and that "HSBC is the purported holder of a note made payable to them." (2d Am. Compl., D.E. # 9, ¶¶ 40, 20).

Finally, Plaintiff fails to allege facts showing that she suffered actual damages caused by the purported RESPA violation. *Ward v. Sec. Atl. Mortg. Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 11371, at *11-13 (E.D.N.C. Feb. 4, 2011); *see Hutchinson v. Del. Sav. Bank*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual

damages."). Because the proposed amended pleading fails to state a claim against HSBC, the Motion to Amend to add it as a Defendant to Plaintiff's RESPA claim is denied as futile.

Plaintiff's proposed amended complaint also seeks to add Hunoval as a defendant in her FDCPA claim. Plaintiff includes a total of six allegations involving Hunoval in the proposed Second Amended Complaint:

1. "HUNOVAL LAW FIRM PLLC., ("Hunoval") is a North Carolina law firm." (2d Am. Compl., D.E. # 9, ¶ 6).

2. "Hunoval Law Firm sent to Affiant a foreclosure notice of an alleged debt which appears to be prepared by the them." (*Id*. ¶ 21).

3. "Affiant responded with a debt validation letter to Defendant Hunoval." (*Id*. ¶ 22).

4. "Hunoval Law Firm are debt collectors within the meaning of FDCPA, 15 U.S.C. §1692a(6)." (*Id*. ¶ 32).

5. "EIGHTH CAUSE OF ACTION: Defendant Hunoval Law Firm failed to respond to a debt validation request sent to them on July, 2012 and continued with foreclosure activity on Affiant's property." (*Id.*, ¶ 33).

6. "NINTH CAUSE OF ACTION: Defendant Hunoval Law violated 15 U.S.C. 1692e(2) by falsely representing the character, amount, or legal status of any debt." (*Id*. ¶ 34).

These conclusory statements as to Hunoval fall short of stating a claim under the FDCPA. Plaintiff attaches no exhibits to her proposed pleading, nor does she include any specificity whatsoever as to dates or contents of the letter, notice, or representations she references. Thus, were the Court to allow Plaintiff to amend her complaint for the second time, Hunoval would be unable to form a response or defense to the vague and unsubstantiated allegations. *See Twombly*, 550 U.S. at 555 (Stating that the allegations should give "the defendant fair notice of what the ... claim is and the grounds upon which it rests").

Moreover, the debt collection activity for which Plaintiff seeks to establish liability relates, by her own allegations, to a foreclosure action. Because Hunoval was involved in the non-judicial foreclosure proceeding at issue as counsel for the lender, rather than collecting a debt, their activities are not subject to the FDCPA provisions the Plaintiff attempts to invoke. *See Beadle v. Haughey*, 2005 WL 300060, at *3 (D.N.H. February 9, 2005) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA"). Therefore, any claim made by Plaintiff under the FDCPA must be dismissed under Rule 12(b)(6). *See Radisi v. HSBC Bank USA, N.A.*, 2012 U.S. Dist. LEXIS 81605, at *12-14 (W.D.N.C. June 13, 2012).

The Court will next address the Defendant's Motion to Dismiss the Amended Complaint. As noted above, Plaintiff's claims appear to arise out of mortgage loan given to Plaintiff for which Defendant Ocwen acts as servicer. Plaintiff's First Amended Complaint is severely lacking any recitation of facts regarding the relationship between the parties, the claims at issue, and any alleged wrongdoing on the part of the Defendant. In its brief, Defendant provides the Court with background facts garnered from the public record, which the Court may consider in conjunction with this motion. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. Va. 2009) ("[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion."). These facts are as follows:

- On March 21, 2006, Plaintiff received a loan in the principal amount of $132,175.00 from Fieldstone Mortgage Company and secured by a Deed of Trust recorded against the real property located at 1220 Ballina Way, Charlotte, NC 28214.

- On May 1, 2008, Plaintiff entered into a Loan Modification Agreement naming HSBC Bank USA, N.A., as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1 as the "Lender" and recorded in Book 24821, Page 842-848 of the Mecklenburg County, North Carolina Register of Deeds.
- On August 9, 2012, the Clerk of the Superior Court, Mecklenburg County, North Carolina, entered an Order making the following finding, among others, "[t]hat HSBC Bank, USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1 is the holder of the note and Deed of Trust to be foreclosed and the note evidences a valid debt owed by Regina Boston.
- On August 13, 2012, Plaintiff filed the "Amended Complaint of Regina Boston, Affidavit" in this Court asserting three enumerated causes of action against Ocwen arising under the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth In Lending Act ("TILA").

To succeed on her FDCPA claim, Plaintiff must allege: "(1) [s]he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Davis v. Bowens*, 2012 U.S. Dist. LEXIS 101402 (M.D.N.C. July 23, 2012) (citations omitted). However, only entities that qualify as "debt collectors" are subject to civil liability under the FDCPA. *See* 15 U.S.C. § 1692k(a). Courts have consistently held that the FDCPA does not apply to mortgage servicing companies if the debt was not in default at the time it was obtained. *Klohs v. Wells Fargo Bank, N.A.*, 2012 WL 4758126, *3 (D. Hawaii October 4, 2012); *Jones v. Saxon Mortg. Servs. Inc.,* 2010 U.S. Dist. LEXIS 64206 (W.D.N.C. June 28, 2010) (holding that a "mortgage servicer . . . is exempt from liability under the

FDCPA, provided that it acquires a mortgage loan prior to default."). Here, Plaintiff specifically alleges that Ocwen is a mortgage servicer. (Am. Compl. ¶ 21.) However, there are no allegations that the mortgage loan was in default when Ocwen obtained servicing rights. *See Klohs*, 2012 WL 4758126, at *3 (dismissing FDCPA claim against mortgage servicer because complaint failed to allege loan in default when it was assigned to defendant). Accordingly, there are not sufficient facts from which the court can conclude that Defendant Ocwen was a "debt collector" within the meaning of the FDCPA. Therefore, any purported claim made by Plaintiff under the FDCPA is hereby dismissed under Rule 12(b)(6).

The Court next addresses Plaintiff's RESPA claim. Plaintiff alleges Ocwen violated the RESPA by failing to respond to her Qualified Written Requests ("QWR") for information relating to the servicing of the loan, as defined in 12 U.S.C.A. § 2605(e)(1)(B). As noted above, under Section 2605 of RESPA, if a mortgage servicing company receives a "qualified written request from the borrower . . . for information relating to the servicing of [a] loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." 12 U.S.C. § 2605(e)(1)(A). Under Section 2605, to constitute a "qualified written request," a request must be in writing on a document other than "notice on a payment coupon or other payment medium supplied by the servicer." *Id.* § 2605(e)(1)(B). Moreover, within sixty days of receiving a qualified written request, a mortgage servicing company must either (1) make the appropriate corrections to the borrower's account or (2) provide the borrower with a written explanation of why such corrections hve not been made. *Id.* § 2605(e)(2).

Plaintiff's allegations regarding a purported Section 2605 violation are simply not sufficient under the *Twombly* standard. In support of her RESPA claim, Plaintiff merely alleges in a conclusory fashion that "Ocwen deliberately failed to properly and timely respond to two (2)

8

requests by Affiant's qualified written requests for information about, and corrections to her mortgage account, in violation of 12 U.S.C. §2605(e)." (Am. Compl. ¶ 23.) These allegations are too threadbare to state a claim for a violation of Section 2605, as Plaintiff wholly fails to allege facts showing that her request for information constituted a "qualified written request" as required to trigger a lender's obligation to respond under Section 2605.

Even assuming the notice was a valid QWR and that Ocwen failed to acknowledge receipt of it or failed to respond timely and adequately to Plaintiff's questions therein, Plaintiff nevertheless does not state a claim under 12 U.S.C. § 2605(e) as Plaintiff fails to allege any pecuniary loss attributable to the purported RESPA violation. As noted above in the Court's analysis with reagrd to HSBC, "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Hutchinson*, 410 F. Supp. 2d at 383; s*ee also Radisi,* 2012 U.S. Dist. LEXIS 81605, at * 14; *In re Ginn*, 465 B.R. 84, 95-96 (Bankr. D.S.C. 2012) (noting "even if CitiMortgage did not comply with the RESPA provisions pertaining to QWRs [] [p]laintiffs failed to sufficiently allege that they suffered actual and/or statutory damages resulting from CitiMortgage's alleged RESPA violation"). Accordingly, as Plaintiff's claim is without any supporting facts regarding how she was damaged by the alleged failure to respond to the QWR, it is insufficient to establish a violation of the RESPA.

Plaintiff's third cause of action is entitled as one arising under TILA, specifically 15 U.S.C. 1641. However, the section cited by the Plaintiff as giving rise to her claim applies to a "creditor." Only creditors and assignees are subject to liability under TILA. See 15 U.S.C. §§ 1640, 1641(a). As a threshold matter, the Court must initially dispense with the issue of whether Ocwen qualifies as a creditor as defined by 15 U.S.C. § 1602(g) and 12 C.F.R. § 226.2(a)(17),

9

because the Plaintiff's First Amended Complaint contains no allegations or inference that Ocwen was the entity to whom the debt was originally payable. In fact, Plaintiff does not make any factual allegations whatsoever about the debt or its origination. However, a review of the Deed of Trust (attached as an Exhibit to Defendant's motion) establishes that Fieldstone Mortgage was the originating lender, not Ocwen.

As for Ocwen's purported asignee liability, Plantiff specifically alleges that Ocwen is a *servicer*. (Am. Compl. ¶21). TILA expressly provides that a servicer - a person responsible for receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, 15 U.S.C. § 1641 (f)(3); 12 U.S.C. § 2605(i)(2)-(3) - is not to be treated as an assignee "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). Again, Plaintiff's Amended Complaint contains no factual allegations regarding Ocwen's former or present ownership of her loan. Indeed, the recent foreclosure Order and the Loan Modification Agreement both evidence the current owner of the loan, and it is *not Ocwen*. (Exhibits A and B to Defendant's motion). Accordingly, Plaintiff cannot state a plausible claim that Ocwen is liable under TILA.

In light of the foregoing, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Moreover, her proposed Second Amended Complaint would be dismissed as well for failure to state a claim. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (D.E. # 16) is hereby DENIED; and Plaintiff's duplicative Motion to Amend (D.E. # 23) is DENIED AS MOOT;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (D.E. # 17) is hereby GRANTED and Plaintiff's Amended Complaint is dismissed with prejudice; and

IT IS FURTHER ORDERED the Plaintiff's motions to strike pursuant to Rule 12(f) (D.E. #s 21 &26) are hereby DENIED.

Signed: January 8, 2013

Graham C. Mullen
United States District Judge